### McCORMACK v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Division, First Department. June 11, 1909.)

1. CARRIERS (§ 286*)—INJURIES TO PASSENGERS—NEGLIGENCE.

Plaintiff, after purchasing and depositing an elevated railroad ticket, in order to reach the platform, approached a locked door made partly of glass. Plaintiff placed his hand on the glass to open the door, and pushed his hand through the glass, and injured himself. It did not appear that the door was not properly constructed, nor the glass of insufficient strength to resist ordinary pressure to open the door when unlocked, and it also appeared that there were other doors leading to the platform that were open. *Held*, that defendant was not negligent.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 286.*]

2. CARRIERS (§ 316*)—INJURIES TO PASSENGERS—RES IPSA LOQUITUR.

Where a passenger, approaching an elevated railroad platform in order to gain it, pressed his hand against the glass of a locked door with sufficient force to break it, such facts were insufficient to raise a presumption that the door was improper for the purposes for which it was constructed, or that the breakage arose from any defect in the glass or door, under the doctrine of "res ipsa loquitur."

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 316.*]

Laughlin and Houghton, JJ., dissenting.

Appeal from Appellate Term.

Action by George W. McCormack, an infant, by Adelaide McCormack, his guardian ad litem, against the Interborough Rapid Transit Company. From a determination of the Appellate Term (61 Misc. Rep. 601, 113 N. Y. Supp. 1006), affirming a Municipal Court judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Joseph H. Adams, for appellant.
John O'Connell, for respondent.

INGRAHAM, J. The action was brought to recover for injuries sustained by the plaintiff in breaking through a door leading to the defendant's passenger station of its railroad at Rector and Greenwich streets, in the city of New York. It seems that the defendant maintained a passenger station at Rector and Greenwich streets, together

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with the stairways, passages, and approaches thereto, for the purpose of furnishing and facilitating ingress and egress of passengers to and from the defendant's trains; that on the 23d of March, 1908, the plaintiff, intending to become a passenger on one of the defendant's trains, duly paid his fare, and, having deposited his ticket in the box provided by the defendant for that purpose, passed through one of the said passages and attempted to push open a swinging door maintained by the defendant for the purpose of closing the approach when not in use, when a glass panel in the door gave way, injuring the plaintiff.

Upon the trial the plaintiff was called as a witness and testified that on the evening of March 23, 1908, he started to take one of the defendant's trains upon the Ninth Avenue Elevated Railroad, and that at about half past 6 o'clock, after dropping his ticket in the box, in trying to open the door going out to the platform, he put his hand through the glass in the door. The plaintiff described the situation as follows: "After going west from Wall street up to Broadway, you go down the whole of Rector street which leads you on a level with the first door;" that he had to go up the steps to the first floor of the United States Express Building to reach the ticket office and purchase a ticket; that he then had to drop the ticket in the box, and had to walk down the court, which is the length of the building, until he came to the first door, and after passing through that door, three or four feet further, there were several other doors which were constructed partly of wood and partly of glass; that after he passed through the second door he stepped upon the platform of the station; that when he had reached this door, he put his hand on the glass, and all he recollects was a crash, and when he put his hand away he was stunned with the blood; that as he approached this door there was a lady in front of him, and after putting his hand on the glass of the door he did not take it off, but pressed, and that the door never opened. This young lady who stood in front of the plaintiff was called as a witness. She testified that when she came to the second door she tried to open it, but could not; that she thought the wind was keeping it back, because it was too strong for her to open, and she then waited until some one opened the door for her; that she noticed the plaintiff come to the door, and then she saw a lot of flying glass. Upon cross-examination she testified that the door through which the plaintiff attempted to pass was locked, and that the plaintiff put his hand on the glass to press it open. It also appeared that there were other doors that were unlocked. Upon this testimony a judgment was rendered for the plaintiff for $300, which was affirmed by the Appellate Term.

It is manifest that there is no evidence of negligence on the part of the defendant. The plaintiff approached a locked door made partly of glass. He placed his hand upon the door to open it, and the glass broke. There is no evidence that the door was not properly constructed, or was not of sufficient strength to resist the ordinary pressure to open the door when unlocked; and the fact that it was not sufficiently strong to resist the plaintiff pushing against it when locked did not justify the court in determining that the defendant was negligent.

The plaintiff seeks to ·sustain this action upon the application of the maxim "res ipsa loquitur"; but it is impossible to see how that has any application. This was not an apparatus used in the transportation of passengers, but an ordinary swinging door in a passageway connecting a building with a station of the defendant's railroad. The fact that a person approaching the door presses it sufficiently hard to break the glass raises no presumption that the door was improper for the purpose for which it was constructed, or that the breakage arose from any defect in the glass or in the door. If the glass had broken when the plaintiff was using an unlocked door in its ordinary condition, a different question would be presented. Applying Robinson v. Consolidated Gas Co., 194 N. Y. 40, 86 N. E. 805, it is apparent that the maxim cannot aid the plaintiff. There the Court of Appeals said:

"If proof of the occurrence shows that the accident was such as could not have happened without negligence according to the ordinary experience of mankind, the doctrine is applied, even if the precise omission or act of negligence is not specified, and when it does not appear that the accident was owing to some act done or to some act not done. It is applied when the inference of negligence is required by the nature of the occurrence. * * * If the res, or the entire occurrence as proved, could not have happened without negligence of some kind, negligence is presumed, without showing what kind, and the burden of explanation is thrown on the defendant."

This situation did not appear here. A plate glass in a door which had been locked broke when the plaintiff pressed against it to open it. There is nothing to show that this accident could not have happened without negligence according to the ordinary experience of mankind. The glass must have broken if the pressure was hard enough; and more must be shown than that the plaintiff pressed against the locked door and the glass broke.

I think this judgment was, therefore, clearly without evidence to sustain it; and it is reversed, and a new trial ordered, with costs to the appellant to abide the event.

McLAUGHLIN and CLARKE, JJ., concur. LAUGHLIN and HOUGHTON, JJ., dissent.