gaged property, the plaintiff could enforce a lien in equity; but he could not maintain the action at law.

In addition to the ruling referred to, the question was presented on the charge to the jury. The counsel for the defendant requested the court to charge in the following language:

"I ask your honor to charge that, in view of the terms of this mortgage, the defendant had the right to replace these goods with other goods at his liking; that it contemplated that the defendant had a right to do with these goods as he liked, and, if they find that as a fact, that then the title passed to the defendant, which was subject to execution and levy for any of his creditors, and, consequently, the plaintiff cannot be the legal owner of this property; and I also ask your honor to charge that, if they find that this property was not the property that was in the premises at the time that this mortgage was executed, but that it was subsequently acquired, why, then, this chattel mortgage was void, and that their only redress would be in equity."

To this request the court replied:

"I think as a general proposition of law your statement would be correct; but I refuse to charge that proposition, upon the ground that afterward, after the commencement of this suit, the plaintiff replevined these goods, and the defendant gave a bond, and by giving the bond he is now estopped in this action from claiming that these were not the same goods, and that the plaintiff was not the owner, and in the actual or constructive possession of the same."

The defendant, by giving the bond and taking the goods back, was indeed estopped from denying that he had had possession of those goods, that they were the same as those taken from him by the plaintiff, and that he has taken them back again. He is not estopped, however, from asserting that such goods were not the same as those which were originally mortgaged. If the property covered by the mortgage at the time of the default was not in existence at the time of the execution of the mortgage, the mortgagee could only enforce an equitable lien, and he does not become the legal owner by virtue of the mortgage and the default. See Rochester Distilling Co. v. Rasey, 142 N. Y. 570, 577, 37 N. E. 632, 40 Am. St. Rep. 635.

The judgment and order should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.

---

LEVINE v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

1. NEGLIGENCE (§ 121*)—"RES IPSA LOQUITUR."
    While the doctrine of "res ipsa loquitur" does not permit a recovery without some proof of negligence, yet, if proof of the occurrence shows that the accident could not have happened without negligence according to the ordinary experience of mankind, the doctrine is applicable, though the precise omission or act of negligence is not specified.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 218; Dec. Dig. § 121.*
    For other definitions, see Words and Phrases, vol. 7, pp. 6136–6139; vol. 8, p. 7787.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. NEGLIGENCE (§ 121*)—BURDEN OF PROOF.

While the burden of proof is on plaintiff to establish negligence, if there is no evidence to rebut the presumption raised by the application of the doctrine of "res ipsa loquitur," plaintiff has successfully borne the burden.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 218, 224, 225; Dec. Dig. § 121.*]

3. CARRIERS (§ 316*)—STREET. RAILROADS—INJURIES TO PASSENGERS—NEGLIGENCE.

Evidence that the car on which plaintiff was riding ran into a car belonging to another company operating on another street at a crossing, and that plaintiff was injured in the collision, was sufficient to raise a presumption of negligence on the part of the operators of the colliding car, under the doctrine of "res ipsa loquitur."

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1283; Dec. Dig. § 316.*]

4. DAMAGES (§ 9*)—INJURIES TO PASSENGERS—NOMINAL DAMAGES.

Where a street car passenger was thrown to the floor in a collision, the cause of which was not shown, and there was no suggestion that plaintiff was negligent, he was at least entitled to recover nominal damages, regardless of the extent of his injuries.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 7-15; Dec. Dig. § 9.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Abraham Levine against the Brooklyn, Queens County & Suburban Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ. °

Donald F. Ayres, for appellant.

Francis R. Stoddard, Jr., for respondent.

BURR, J. On the 28th day of September, 1908, the defendant operated a street surface railway running through Church avenue, in the borough of Brooklyn, known as the "Reid Avenue line." The plaintiff was a passenger on one of the cars of that line, and when running through Church avenue, near its intersection with Flatbush avenue, the car belonging to the defendant company ran into another car operated by the Nassau Electric Railway Company. This action was brought to recover for the injuries which plaintiff claims to have then sustained.

The fact that plaintiff was a passenger, and that the collision occurred in the manner stated, was testified to both by him and another passenger on the car. The defendant introduced no testimony, but nevertheless judgment was rendered for the defendant. This, we think, was error. The doctrine of res ipsa loquitur "does not permit a recovery without some proof of negligence, but it regulates the degree of proof required under certain circumstances. If proof of the occurrence shows that the accident was such as could not have happened without negligence according to the ordinary experience of mankind, the doctrine is applied, even if the precise omission or act of negligence is not specified." Robinson v. Consolidated Gas Co., 194

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

:N. Y. 37, 86 N. E. 805. When the front of a car operated by the com-
:pany upon which plaintiff was a passenger ran into a car owned and
operated by another company, a presumption of negligence on the part
of the carrying company arises, which calls upon it for an explana-
tion. Loudoun v. Eighth Ave. R. R. Co., 162 N. Y. 380, 56 N. E. 988.
Quite a different question might be presented if a car owned by another
company had struck the rear of this car. Elliott v. Brooklyn Heights
R. R. Co., 127 App. Div. 300, 111 N. Y. Supp. 358. While the burden
of proof always remains upon the plaintiff to establish negligence, if
there is no evidence to rebut the presumption which has arisen, the
plaintiff has successfully borne his burden, and if there is proof of
freedom from contributory negligence he is entitled to recover. Lou-
doun v. Eighth Ave. R. R. Co., supra.

There was no suggestion of contributory negligence on the part of
the plaintiff in this action, and therefore he was entitled to judgment
at least for nominal damages. The plaintiff testified as to his injuries,
and was corroborated to some extent by the physician who attended
him, and by his daughter and two other witnesses. The defendant ap-
parently thought that his injury was of sufficient importance to make
inquiries with regard to it; for, shortly after the accident, they sent
an investigator, and also a physician in the employ of the company, to
examine as to the extent thereof. It is quite likely that the plaintiff
may have exaggerated the extent of his injuries, and that possibly may
have operated upon the mind of the learned trial judge to his prejudice.

On the evidence, however, he was entitled to recover something by
way of damages, and the judgment in favor of the defendant should
be reversed, and a new trial ordered; costs to abide the event. All con-
cur.