John F. Kain, Appellant, *v.* The Roebling Construction Company, Respondent.

(Supreme Court, Appellate Term, May, 1911.)

Negligence — Actions — Evidence — Presumptions and burden of proof — Presumption of negligence from happening of accident.

> Where it appears that the plaintiff, a mechanic at work upon a building, was injured by the falling of a scantling which was in use by the defendant's employees, who were engaged in putting in centers or forms to hold concrete circles between floor beams above the place where plaintiff was at work, the maxim "*res ipsa loquitur*" applies; and the defendant is called upon to show how the accident happened and that it was not due to its negligence.

Appeal by the plaintiff from a judgment of the Municipal Court of the city of New York, borough of The Bronx, second district, rendered in favor of the defendant after a trial by the court without a jury.

Joseph Forrester, for appellant.

William F. McCombs (Alexander Gordon, of counsel), for respondent.

Page, J. This action was brought to recover damages for personal injuries sustained by the alleged negligence of the defendant's employees. The plaintiff was a bricklayer, em-

ployed upon the "Ethical Culture Auditorium," and while working was injured by a piece of wood four feet six inches long, four inches wide and two inches thick falling from the floor above and striking him on the back. The only persons working above the plaintiff were the employees of the defendant who were putting in "centers" or forms to hold the concrete arches between the floor beams. The method of work was to hang scantling from the beams, on which at either end next to the beams were placed boards, and on top of these were placed these 4.6x4x2 scantling which were left loose. On top of these was placed a flooring which was made in sections battened together on the underside and the scantling was intended to fit in between the battens.

After the plaintiff was injured it was discovered that the end scantling which was nearest the wall, and on which the plaintiff was working, was missing. There was an open space between the end of the boards and the wall sufficiently wide for the scantling to have fallen through if pushed from the end of the boards. The learned trial judge found that the plaintiff was struck and injured by a piece of wood which was being used by the defendant in the performance of its work; that there was no one in the immediate vicinity or anywhere near the place where the plaintiff was working, except the employees of the defendant. The defendant proved that nothing had broken and that this form of construction was an approved form and had been used by them for years and no similar accident had happened before this one. They did not call any of the workmen that were engaged on the work to explain how or why the scantling fell. The learned trial judge thereupon gave judgment for the defendant upon the merits. To this state of facts the maxim *res ipsa loquitur* applies. It was the duty of the defendant to the plaintiff to use care in the placing of the "centers" above him, that they should not fall upon him; the scantling, causing the injury, was shown to have been under the management of the defendant's servants, and the falling of this scantling was shown in the ordinary course of things does not occur if those who have the management or control use proper care; therefore, the happening of the event, in the

Supreme Court, Appellate Term, May, 1911. [Vol. 72.

absence of evidence to the contrary, is evidence that it arose from the lack of requisite care. The necessity of showing how the accident did happen is then upon the defendant. The defendant did not attempt to explain, but merely proved that the material was not defective and that the form of construction had been used for years and no similar accident had happened. This in no way met the plaintiff's case, but merely emphasized the necessity of an explanation on defendant's part, and strengthened the presumption that, if the work had been done in the usual manner and with proper care, the injury would not have been sustained. The physical facts of this accident, themselves, create a reasonable probability that it resulted from negligence. That no one except defendant's employees could have set this scantling in motion creates a reasonable probability that it was through their negligent act that the injury happened. These physical facts themselves furnish the evidence of negligence; and, in the absence of evidence on the part of the defendant showing that the event happened without negligence on its part, the judgment should have been for the plaintiff and not for the defendant.

The judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

SEABURY and BIJUR, JJ., concur.

Judgment reversed.