the lowest bidder whose proposal had been accepted was not entitled to compel the execution of a contract by mandamus. The court held that if a bidder established a clear legal right to the contract, his remedy was at law in an action against the city to recover damages. The learned counsel for the appellant cites no authority in conflict with this decision. He does cite the opinion of Judge Vann in Molloy v. City of New Rochelle, 198 N. Y. 402, 412, 92 N. E. 94, 30 L. R. A. (N. S.) 126, to the effect that the opinion in the Lunney Case, supra, in so far as it declares that the remedy by mandamus does not exist, is obiter. That opinion, however, was written in concurrence in the result only of the decision rendered by the Court of Appeals in the Molloy Case. The court in that case decided that a proposal creates no contractual relation between the city and the bidder, and that no contractual relation can arise merely from a bid, unless from the terms of the statute and the advertisement a bid in pursuance thereof is as matter of law an acceptance of an offer wholly apart from any action on the part of the municipality or any of its officers. The respondents herein by the terms of the charter and of the advertisements expressly reserved the right to reject any and all bids; but, aside from this consideration, it seems plain that the city would be at liberty for any sufficient reason to abandon the proposed improvement in whole or in part before the work was actually commenced, leaving even a contractor to his legal remedy for damages.

It follows that the order appealed from must be affirmed. Order affirmed, with $10 costs and disbursements. All concur.

---

### McLOUGHLIN v. BROOKLYN HEIGHTS R. CO.

### DANIELS v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. December 21, 1911.)

DAMAGES (§ 185*)—PERSONAL INJURIES—EVIDENCE—SUFFICIENCY.

In actions against a street railway company for injury to passengers in a collision between cars, evidence *held* to warrant a finding that plaintiffs sustained actual damages.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 185.*]

Jenks, P. J., and Burr, J., dissenting.

Appeal from Trial Term, Kings County.

Actions by May McLoughlin, by Margaret Mitchel, her guardian ad litem, and by Carrie Daniels, by Hannah Noonan, her guardian ad litem, against the Brooklyn Heights Railroad Company. Judgments denying their motions for new trials, and plaintiffs appeal. Reversed, and new trials granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, CARR, and RICH, JJ.

A. L. Pincoffs (Edward D. O'Brien, on the brief), for appellants. D. A. Marsh, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

RICH, J. These appeals are by plaintiffs from a judgment in favor of the defendant in each of the two cases which were tried together. The plaintiffs were passengers on a trolley car operated by the defendant which collided with another of defendant's cars. The actions are based on the negligence of the defendant in the operation of these cars, and upon the trial the defendant admitted its liability in both cases. The plaintiffs each testified to the injuries received and the attendant consequences. Their testimony is corroborated by their physician, and is not contradicted nor are they in any manner impeached. While the plaintiffs may have exaggerated and magnified their injuries, the evidence is such as to entitle each to recover something by way of damages. Levine v. Brooklyn, Queens Co. & Suburban R. R. Co., 134 App. Div. 606, 119 N. Y. Supp. 315.

The judgment and order must be reversed and a new trial granted, costs to abide the event.

HIRSCHBERG and CARR, JJ., concur. JENKS, P. J., and BURR, J., dissent on the ground that the jury was justified in finding that plaintiff sustained no actual damage, and a court will not reverse for the sake of nominal damages. The Levine Case, cited in the prevailing opinion, was a nonsuit, and there was uncontradicted evidence of actual damage. In the case at bar the extent of the injury was disputed.