(76 Misc. Rep. 333.)

FERGUSON v. TURNER CONST. CO. et al.

(Supreme Court, Trial Term, Richmond County. April 15, 1912.)

1. MASTER AND SERVANT (§ 285*)—INJURIES TO SERVANT—ACTIONS—QUESTION FOR JURY.

In an action by the administrator of a deceased servant under Labor Law (Consol. Laws 1909, c. 31) § 200, subds. 1, 2, as amended by Laws 1910, c. 352, making a master liable for any defects in the ways, works, machinery, or plant, where such defect had not been discovered owing to the negligence of the master or any person in his service intrusted with the duty of seeing that they were in proper condition, and making him liable for the negligence of any person intrusted with any superintendence or with any authority to control or command any employé, it appeared that the deceased servant was killed while lowering, in the course of his duty, certain material down an elevator well in an incomplete building. The accident was caused by the servant being struck by a heavy plank which threw him into the well. The plank was one which was used for making the concrete frame of the building. *Held* that, as the circumstances of the accident showed either a defect in the master's plant or negligence in his servants having superintendence in failing to remove the plank, the plaintiff was entitled to go to the jury under the doctrine of res ipsa loquitur without any proof as to exactly how the plank happened to be left in the place where it caused the accident.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1002, 1003, 1007, 1016, 1035, 1043, 1053; Dec. Dig. § 285.*]

2. MASTER AND SERVANT (§ 265*)—INJURY TO SERVANT—PRESUMPTIONS—RES IPSA LOQUITUR.

The doctrine of res ipsa loquitur is applicable to master and servant cases.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908; Dec. Dig. § 265.*]

Action by George Ferguson, as administrator of Carl T. Ferguson, deceased, against the Turner Construction Company and Gustave Schock. The complaint was dismissed as to both defendants, and plaintiff now moves for a new trial. New trial granted as to defendant the Turner Construction Company.

James Burke, Jr., for plaintiff.
Eidlitz & Hulse, for defendants.

BENEDICT, J. This is an action for the alleged negligence of the defendant contractor, the Turner Construction Company, as master, resulting, it is claimed, in the death of plaintiff's intestate, an employé. The owner of the building mentioned below was also made a defendant. At the trial before me at the Richmond Trial Term in February, the complaint was dismissed as to both defendants. Further reflection has convinced me that the complaint should not have been dismissed as to the defendant contractor, but that plaintiff should have been allowed to go to the jury.

[1] The action was brought under the employer's liability provisions of the Labor Law (Consol. Laws 1909, c. 31) as amended by chapter 352 of the Laws of 1910, in effect September 1, 1910.

The accident took place on October 25, 1911. The defendant was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

then engaged in constructing a steel and concrete building at 518 West Fifty-Seventh street, in the borough of Manhattan, city of New York. Decedent was a boy about 17 years of age, and on October 25, 1911, he was, and for about four weeks prior thereto had been, in the defendant's employ at the building mentioned as a threader of bolts. His duties required him to gather up bolts in various parts of the building, and take them to a threading machine and cut new threads. At the time of the accident the structural work of the building had been finished as far as the sixth floor, and the seventh floor was also in place. In one corner of the building there was a large opening or well hole, approximately 20 feet square, going down to the first floor, designed eventually as a place for the elevators and stairway, but containing no hoisting apparatus except a block and fall. Two sides of this opening were formed by the outer walls of the building. The other two sides were not protected. It was apparently decedent's custom when he had gathered up bolts on any floor to lower them in bundles by means of a rope to the third floor, where his threading machine was, using this opening or well hole for the purpose, and landing the bundle on the third floor by swinging it in, and he seems to have been justified in adopting this method of doing his work.

There is evidence from which the jury might have found that on the day in question, while decedent was lowering a bundle of bolts from the sixth floor, leaning over the opening for this purpose, a timber, made of two two by four scantlings spiked together, fell upon him from behind and knocked him into the opening, and that he fell to the first floor, and was instantly killed. The timber in question was about 13 feet long, weighed about 70 pounds, and was used in connection with taking down the forms into which the concrete was poured, after it had hardened. The particular manner of its use is not important here. The jury would have been warranted by the evidence in finding that this timber had been left on the sixth floor standing, unfastened, near the well hole, and that in some way it toppled over and struck decedent. There was no evidence to show when or by whom the timber had been placed in the position from which it fell, or what caused it to fall. Plaintiff is therefore required to rely upon the doctrine of res ipsa loquitur. There can be no question but that, if the person injured had been a stranger and not a servant of the defendant contractor, the doctrine of res ipsa loquitur would apply, and the proof given of the occurrence of the accident would have established a prima facie case. This conclusion is supported by Kain v. Roebling Construction Company, 72 Misc. Rep. 34, 129 N. Y. Supp. 151, where the facts were almost precisely similar to those in the case at bar, except that the plaintiff, the person injured, was not an employé of the defendant.

It may be granted that there is a distinction between cases in which the person injured in such an accident as that under consideration is a stranger and those in which he is a servant of the defendant. The master is liable for the negligent acts of every employé resulting in injury to a stranger; but he is not liable for the neg-

135 N.Y.S.—17

ligent acts of every employé resulting in injury to another employé, but only for the negligence of certain classes of employés. At common law the plaintiff does not seem to have made out a case, because, applying the doctrine of res ipsa loquitur, the occurrence of the accident does not necessarily point to the negligence of any person for whose negligence the master would be responsible at common law. In other words, it would be quite as reasonable to infer that the accident was the result of the negligence of some one who at common law would be a fellow servant, as that it was the result of any want of care imputable to the master. But the employer's liability provisions of the Labor Law have greatly extended the class of employés for whose negligence the master is liable to other employés injured thereby, so that this class now includes many who at common law would have been fellow servants. Where the injury results from any defect in the "ways, works, machinery or plant," the master is liable where such defect has not been discovered or remedied owing to the negligence of the master, or of any person in the service of the master and "intrusted by him with the duty of seeing that the ways, works, machinery or plant, were in proper condition." Labor Law, § 200, subd. 1. The master is also liable where the injury to the servant is caused by the negligence of any person in the service of the master "intrusted with any superintendence," or by reason of the negligence of any person intrusted with authority to direct, control, or command any employé in the performance of the duty of such employé. Id., subd. 2. In the case at bar, it would seem that the occurrence of the accident and the surrounding circumstances point to the negligence of the foreman in not observing that the timber in question was placed in an insecure position near the well hole, or, if he saw it, in not removing it or properly securing it. It would seem reasonable to say that the jury might have inferred from the evidence that, had proper care been exercised by those for whose negligence the master is responsible under the Labor Law, the accident would not have happened. Thus the case is one for the application of the doctrine of res ipsa loquitur.

[2] It is now well settled that the doctrine of res ipsa loquitur is applicable to master and servant cases. Robinson v. Consolidated Gas Co., 194 N. Y. 37, 40–41, 86 N. E. 805, 28 L. R. A. (N. S.) 586; Schlappendorf v. Am. Ry. Traffic Co., 142 App. Div. 554, 559, 127 N. Y. Supp. 44. See, also, 16 L. R. A. (N. S.) 214, note; N. Y. Law Journal, Feb. 7, 1912, p. 2102. This case is distinguished from the Schlappendorf Case, supra, by the fact that here the action is under the employer's liability provisions of the Labor Law, while in the Schlappendorf Case the action was under the common law.

The motion for a new trial is therefore granted as to the defendant Turner Construction Company.