HARVEY v. PROCTOR.

(Supreme Court, Appellate Division, Third Department. July 8, 1913.)

1. CARRIERS (§ 316*)—INJURIES TO PASSENGERS—EVIDENCE—SUFFICIENCY—NEGLIGENCE IN OPERATING ELEVATOR.

Where the testimony shows that an elevator in good working order suddenly started upward while plaintiff was attempting to enter it and then descended on his foot, but there was no testimony as to what acts were performed by the operator, the doctrine of res ipsa loquitur applies, and it will be presumed that the operator was negligent in the absence of an explanation of the cause of the motion of the car.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1261, 1262, 1283, 1285–1294; Dec. Dig. § 316.*]

2. MASTER AND SERVANT (§ 330*)—ACTIONS FOR INJURIES TO THIRD PERSONS—PRESUMPTIONS.

Where a landlord was required by the lease to furnish elevator service for his tenant, he could not delegate that duty so as to relieve himself from liability, and it will be presumed, in the absence of any proof, that the operator of an elevator was his employé.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1270–1272; Dec. Dig. § 330.*]

Appeal from Judgment on Report of Referee.

Action by John L. Harvey against Frederick F. Proctor. Judgment for the plaintiff in the sum of $2,843.12 damages and costs, and defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-ARD, and WOODWARD, JJ.

Thomas H. Guy, of Troy, for appellant.
William E. Woollard, of Albany, for respondent.

HOWARD, J. The plaintiff in this action was a tenant on the second floor of an apartment house owned by the defendant in the city of Albany. The plaintiff's lease from the defendant obligated the defendant to furnish to the plaintiff elevator service. On May 8, 1911, at about 12:30 p. m., the plaintiff entered the hallway on the main floor; he wished to go to his apartments on the second floor. The elevator was not at the main floor when the plaintiff reached the shaft, and he pushed the button, after which the elevator responded and came up from below. A person was in it, operating it. When it reached the floor on which the plaintiff was standing, it stopped, the door was opened, and the plaintiff attempted to step in. While the plaintiff was in the act of entering the elevator, it started up, and one of the plaintiff's feet slid in between the bottom of the floor of the elevator and the floor of the hallway. The elevator came down on the plaintiff's foot, injuring it. The plaintiff also fell forward, breaking two ribs and otherwise injuring himself. After the accident the plaintiff was taken on the elevator up to the second story to his apartments.

[1] This case was tried before a referee. There was no proof presented by the defendant in explanation of the accident; the only evidence offered by the defendant being that of an expert concerning the injuries. The rule res ipsa loquitur was applied, and correctly applied, to the situation presented at the close of the evidence. The res in this case (which is "the accident and the surrounding circumstances") shows that the accident could not have happened without negligence; for elevators do not ordinarily jump up, and then drop down, while the door is open and passengers are entering. The apparent cause of the accident was either a defect in the machinery and appliances of the elevator or negligence in the manner of operating it. The former cause was eliminated by the evidence, for it was proven that immediately before and immediately after the accident the elevator worked properly. Therefore, the elevator being in good working order, the presumption at once arises that it was negligently operated. The plaintiff did not observe just what the operator did, or failed to do, to cause the elevator to first move up and then move down; but "precision in the proof is not required, as the occurrence raises a presumption of negligence, based on common experience, although no specific defect, act, or omission appears." Robinson v. Consolidated Gas Co., 194 N. Y. 37, 86 N. E. 805, 28 L. R. A. (N. S.) 586. The elevator being in perfect working order, as was established by the proof, the thing which happened here could not have happened without negligence on the part of the operator; therefore his negligence is presumed. "If the res, or the entire occurrence as proved, could not have happened without negligence of some kind, negligence is presumed without showing what kind and the burden of explanation is thrown on the defendant." Robinson v. Consolidated Gas Co.,

supra. A prima facie case was made out against the defendant, which, in the absence of proof to the contrary, warranted and required a judgment for the plaintiff.

[2] There was no direct proof that Simmons was the employé of the defendant; but from the facts presented a presumption arises that he was. And even if Simmons was not the employé of the defendant, but was operating the elevator on' that occasion to accommodate the regular elevator boy or for some other reason, the defendant would, nevertheless, be responsible, for it was the duty of the defendant to furnish elevator service, and he could neither delegate nor permit some one else to delegate this duty to others so as to relieve him from responsibility. Sciolaro v. Asch, 198 N. Y. 77, 91 N. E. 263, 32 L. R. A. (N. S.) 945. Of course, if the regular elevator boy had been overpowered by superior force and the possession of the elevator wrested away from him, that would relieve the defendant. But there was no such condition. Just what the facts are concerning the operator and why Simmons was there and what relation he bore to the defendant remains unexplained although the explanation was apparently within the easy reach of the defendant. He chose not to explain, and therefore the presumption that Simmons was his employé remains and controls.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs. All concur.