perform on his part. The allegation above quoted, showing that there is due $4,000, is a mere conclusion of law, not based upon any facts set forth in the complaint.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

---

PERRY v. HUDSON & M. R. CO.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. MASTER AND SERVANT (§ 265*)—INJURY TO SERVANT—NEGLIGENCE.

The rule res ipsa loquitur, if applicable between employer and employé, does not apply where the evidence shows that the accident causing injury to the employé might have occurred from the negligence of a coemployé, and not from a defect in appliances furnished by the employer.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*]

2. MASTER AND SERVANT (§ 278*)—INJURY TO SERVANT—NEGLIGENCE.

Where an employé suing for an injury sustained while riding on an elevator proved that a chain connecting the car with a counterbalance broke, but the undisputed evidence showed that its breaking could not have caused the accident, and there was evidence that the accident occurred from the negligence of a coemployé, the evidence was insufficient to take the case to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by Mary Perry against the Hudson & Manhattan Railroad Company. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

See, also, 140 N. Y. Supp. 1140.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Walter L. Glenney, of New York City, for appellant.
John J. Welsh, of Brooklyn, for respondent.

SCOTT, J. The plaintiff, a scrubwoman in the employ of defendant, was injured while riding in one of the elevators in defendants' building. She, with a number of other scrubwomen, took the elevator car at the tenth floor to descend to the street level, and her injuries were due to the fact that the car came down with undue speed, and bumped hard at the foot of the shaft. The car was operated by another employé of the defendant—a coservant of the plaintiff. It is apparent that there were two possible causes which might have caused the accident: First, some defect in the mechanism; or, second, the negligence or inaptitude of the operator.

[1, 2] The plaintiff claims that it was the first of these causes which caused her injuries, and to support this claim offers proof that a chain connecting the car with a counterbalance broke. That

the chain did break is clear, but the uncontradicted evidence is that the chain bore no part of the weight of the car, and that its breaking could not have caused the car to fall. The plaintiff seeks to sustain her recovery by the application of the rule res ipsa loquitur, but it is evident that that rule can have no application to the present case. Aside from the still mooted question whether that rule ever applies between employer and employé, and, if it does apply, under what circumstances, there is a well-settled limitation upon the application of the rule in any case, and that is that, if the proof shows that the accident might have occurred from some cause other than the negligence of the defendant, the presumption of negligence does not arise, and the doctrine of res ipsa cannot properly be applied. Robinson v. Consolidated Gas Company, 194 N. Y. 37, 86 N. E. 805, 28 L. R. A. (N. S.) 586. In this case the evidence shows that the accident might well have occurred (as it probably did) from the negligence of plaintiff's coemployé who had had but slight experience in running an elevator car, and who was carrying an unusually heavy load. The evidence of defendant's negligence was quite insufficient to carry the case to the jury, and the complaint should have been dismissed.

Judgment and order reversed and new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., and LAUGHLIN and HOTCHKISS, JJ., concur. DOWLING, J., dissents.