(161 App. Div. 77)

### LARKIN v. REID ICE CREAM CO.

(Supreme Court, Appellate Division, Second Department.    March 6, 1914.)

1. NEGLIGENCE (§ 121*)—EVIDENCE—RES IPSA LOQUITUR DOCTRINE.

Defendant was charged with liability for damage from its horse running away because of the bit falling out of its mouth so that the driver could not restrain it. The bridle, which was intended to permit feeding in harness, did not have the bit-rings held up on both sides by buckles, but on one side the strap was attached to the ring by a snap-hook so that the bit could be disconnected when feeding, and the snap-

─────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

hook gave way and released the bit, but it was not shown whether it be-came disconnected because of the worn condition of the snap-hook or be-cause the driving rein was attached to the ring in front of the snap-hook and worked it loose in crossing over it. *Held*, that the release of the bit was an occurrence which ordinarily would not happen without negligence, so that proof of the occurrence prima facie showed negligence, even if plaintiff could not show which of the causes released the bit.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 217–220, 224–228, 271; Dec. Dig. § 121.*]

2. NEGLIGENCE (§ 119*)—ALLEGATIONS OF COMPLAINT—ISSUES.

Where the complaint and bill of particulars in an action for damage from a horse running away alleged "defective harness" as the cause of the accident, the court properly refused to narrow the issue to the ques-tion of a defect in the snap-hook attaching the jaw-straps to the bit-rings.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 200–216; Dec. Dig. § 119.*]

Appeal from Trial Term, Kings County.

Action by Mary Larkin, as administratrix of Thomas J. Larkin, against the Reid Ice Cream Company. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, RICH, STAPLE-TON, and PUTNAM, JJ.

James J. Mahoney, of New York City (George J. Stacy, of New York City, on the brief), for appellant.

Ellis L. Aldrich, of New York City, for respondent.

PER CURIAM. [1] Defendant was not held because its horse bolted and ran. Its liability comes from the bit falling out of the horse's mouth, rendering the driver powerless. The bridle, designed to allow feeding in harness, did not have the bit-rings held up on both sides to the jaw-straps by buckles. On one side the strap was attached to the ring by a clasp or snap-hook, so that the bit could be discon-nected when the horse was fed from a nose-bag. It was this snap-hook which gave way, and released the bit, as the driver tried to check the horse's flight. Defendant maintained that the snap-hook was per-fect, and the rein properly attached. Hence defendant could give no explanation for this occurrence or account for the snap-hook being separated from the bit. Obviously, it might happen from a weakened or worn snap-hook; and defendant's driver also admitted that, if the driving rein was attached to the ring forward of the snap-hook, such a crossing over the snap-hook might work it loose. Even if plaintiff could not specify which of these causes let out the bit, yet, as the oc-currence was one that in common experience could not happen with-out negligence, it presented a prima facie case for the jury. Robinson v. Consolidated Gas Co., 194 N. Y. 37, 40, 86 N. E. 805, 28 L. R. A. (N. S.) 586.

The jury therefore could find for plaintiff, upon the defendant's fail-ure to account for this slipping out of the bit without negligence on the part of defendant (Sweeney v. Edison Electric Illuminating Co., 158 App. Div. 449, 143 N. Y. Supp. 636), taken in connection with plain-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff's evidence of defects in the snap-hook given by three witnesses whose attention had been directed to it when the horse was finally stopped and held.

[2] The complaint, and bill of particulars, both alleged "defective harness." The court therefore rightly refused to narrow the issue to the question merely of a defect in the clasp or hook. But the court did charge that the "duty of showing the cause of the snap or bit becoming separated one from another is upon the plaintiff"—certainly as favorable as appellant could ask.

The judgment and order are therefore affirmed, with costs.